# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SHELBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-CV-00086-AGF |
| | ) | |
| RUSTY RATLIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Christopher Shelby's amended complaint. [ECF No. 6]. Shelby, an inmate at Moberly Correctional Center (MCC), filed the amended complaint on May 28, 2025, pursuant to this Court's April 25, 2025 Memorandum and Order. *See* ECF No. 5. After reviewing the amended complaint for frivolousness, maliciousness and failure to state a claim, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need

not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Amended Complaint

Plaintiff Christopher Shelby, an inmate at MCC, filed the instant action pursuant to 42 U.S.C. § 1983 on November 7, 2024. [ECF No. 1]. The Court granted plaintiff's motion to proceed in forma pauperis, assessed an initial partial filing fee and ordered plaintiff to amend his pleading on April 25, 2025. [ECF No. 5]. Plaintiff filed the amended complaint against defendant Dennis

2

Woolfolk, a Correctional Officer employed at MCC, on May 28, 2025. [ECF No. 6]. Plaintiff sues defendant Woolfolk in his individual capacity only.

In the amended complaint, plaintiff alleges that on November 7, 2022, Officer Woolfolk entered Wing 2B at MCC and had all the offenders stand outside their cells while "he belittled and threatened [them] for utilizing the grievance process." [ECF No. 6 at 3]. Plaintiff does not indicate that Woolfolk said anything specific to him relative to his use of the grievance process, nor does he indicate that Woolfolk retaliated against him relative to the use of the grievance process. Rather, plaintiff's complaints against Woolfolk are generalized relative to Woolfolk's verbal harassment of the offenders on Wing 2B.

In plaintiff's Informal Resolution Request (IRR) discussing the incident, plaintiff states the following regarding the incident:

> At approx. 11:25 AM on 11/07/22, Sgt. Wolfolk [sic] addressed the P.C. Wing at MCC under the guise of a recount (nobody did a recount of the bottom walk), and told everyone "in all my years I have never seen an I.R.R. do anything," that he still "works in this House" and that he will "drop the hammer on us in retaliation for filing I.R.R.s." He then said, "I love answering your I.R.R.s with their misspelled words and bad grammar so that I can make y'all look like fools." This blatant display of bullying, abuse, and oppression is completely uncalled for. Corrections staff should not be allowed to act without repercussions for their wrong actions. (I fear retaliation for filing this.)

[ECF No. 6 at 11].

Plaintiff next asserts that on March 7, 2023, defendant Woolfolk singled him out of a line of workers and had him "sit in an area historically used for offenders in trouble." Plaintiff claims Woolfolk stood over him and harassed him about utilizing the grievance system. Plaintiff again, does not indicate that he was retaliated against relative to his prior use of the grievance process. Nor does plaintiff indicate that Woolfolk threatened that he would retaliate against him in the future if he used the grievance process.

In plaintiff's IRR, filed on March 17, 2023, plaintiff states:

> On 3/7/23 at approx.. 9:00 AM, Sgt. Woolfolk singled me out of a group of offenders returning from work, told me to sit on the bench outside of 2B, then aggressively stood over me and harassed me about the I.R.R.s/Grievances that I have filed against him. We had a back and forth about my claims. He said, "He is a man!" "Has no need to lie," and that if I have any issued with him then I should talk to him. I told him I wanted the retaliation and harassment to stop. This violates Policy D1-11.10, Section III, Subsection 1.b, 1.g. and 1.m. I requested the video from this incident to be preserved (CM LeGrande 3/13/23).

[ECF No. 1 at 19].

Despite plaintiff's failure to allege any specific retaliation claims, he asserts in his amended complaint that "[t]here was a 'campaign of harassment' perpetrated against [him] for utilizing the grievance process. . ." He asserts that he "felt so defeated" that he went on a hunger strike to bring attention to those in charge at MCC. Plaintiff fails to allege any claims against Woolfolk in relation to his purported hunger strike.

Plaintiff seeks compensatory and punitive damages in this action. He also seeks a change in various policies at the Missouri Department of Corrections, including a request to make correctional officers wear body cameras and a request to allow offenders the availability to audio and video evidence in claims against staff.

## Discussion

Plaintiff alleges that defendant Woolfolk verbally harassed him on two separate occasions: once in November of 2022 and once in March of 2023. Generally, allegations of verbal harassment, without more, do not state a § 1983 claim. *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). This is because the Constitution does not guard against all intrusions on one's peace of mind. *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir. 1997). Typically, fear or emotional injury resulting solely from idle threats or verbal harassment, as in this case, is insufficient to constitute a violation of an identified liberty interest. *Id*. Even the use of racially offensive language does

4

not, without more, state a claim. *See Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (determining that correctional officer's discriminatory statements against Native Americans was not, standing alone, sufficient to state a claim). As a result, plaintiff's allegations against defendant Woolfolk fail to state a claim upon which relief may be granted. This is especially so given that plaintiff Shelby has failed to allege any retaliation from defendant Woolfolk from the purported harassment in this case. And to the extent plaintiff is alleging a violation of MDOC policies by defendant Woolfolk, such a claim does not rise to a federal or constitutional violation. *See Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest").

For the foregoing reasons, the Court finds the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of September, 2025.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE